**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

JOSE CARLOS VELEZ COLON          :   CIVIL ACTION
                                 :
          v.                     :   No. 11-CV-181
                                 :
T-MOBILE PUERTO RICO LLC and     :
DUETSCHE TELEKOM AG,             :


**MEMORANDUM AND ORDER**

**JOYNER, J.**                                   **May 24, 2011**


Plaintiff José Carlos Vélez Colón ("Plaintiff"), who
proceeds pro se and has been granted in forma pauperis status,
filed this lawsuit pursuant to the Fair Credit Reporting Act, 15
U.S.C. §§ 1681 et seq. (D.I. 2.)


**BACKGROUND**

Plaintiff resides in Puerto Rico and has named as defendants
T-Mobile Puerto Rico LLC ("T-Mobile") and Duetsche Telekom AG.
T-Mobile is a limited liability company authorized to do business
under the laws of the Commonwealth of Puerto Rico.[1]  Puerto Rico
Telephone Co., Inc. v. Telecommunications Regulatory Bd., Civ.
No. 08-1885(JP), 2011 WL 1097741, at *1 (D.P.R. Mar. 18, 2011).
The instant action is one of six lawsuits Plaintiff has filed

---

[1]T-Mobile USA, Inc. is a Delaware corporation with its
principal place of business in Washington state.  Vivendi SA v.
T-Mobile USA Inc., 586 F.3d 689 (9th Cir. 2009).  T-Mobile USA is
the United States operating entity of T-Mobile International AG,
the mobile communications subsidiary of defendant Deutsche
Telekom AG.  See http://www.t-mobile.com/Company/CompanyInfo.

across four jurisdictions against T-Mobile arising out of his visits to a T-Mobile store in Puerto Rico.

The complaint alleges that on May 21, 2010, Plaintiff visited Defendants' store and events that day led to violations of the Fair Credit Reporting Act.  (D.I. 2.)  The complaint makes no reference to the location of the store.  However, T-Mobile has filed a motion to dismiss, transfer or stay the proceeding and it indicates that the store is located in Puerto Rico.  (D.I. 9, 10.)  Plaintiff did not respond to the motion.

## DISCUSSION

### I.  *LEGAL STANDARD*

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice.  Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 208 (D. Del. 1998).

The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants."  Bergman

v. Brainin, 512 F.Supp. 972, 973 (D. Del. 1981) (citing Shutte v.
Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)).  "Unless the
balance is strongly in favor of a transfer, the plaintiff's
choice of forum should prevail." ADE Corp. v. KLA-Tencor Corp.,
138 F. Supp. 2d 565, 567-68 (D. Del. 2001); Shutte, 431 F.2d at
25.  The deference afforded plaintiff's choice of forum will
apply as long as a plaintiff has selected the forum for some
legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F.Supp.
556, 562 (D. Del. 1998); Cypress Semiconductor Corp. v.
Integrated Circuit Sys., Inc., No. Civ. A. 01-199, 2001 WL
1617186, at *2 (D.Del. Nov. 28, 2001); Continental Cas. Co. v.
American Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del.
1999).  Although transfer of an action is usually considered as
less inconvenient to a plaintiff if the plaintiff has not chosen
its "'home turf' or a forum where the alleged wrongful activity
occurred, the plaintiff's choice of forum is still of paramount
consideration, and the burden remains at all times on the
defendants to show that the balance of convenience and the
interests of justice weigh strongly in favor of transfer." In re
ML-Lee Acquisition Fund II, L.P., 816 F.Supp. 973, 976 (D. Del.
1993).

The analysis for transfer is very broad. Jumara v. State
Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  Although "there
is no definitive formula or list of factors," potential private
and/or public interests are considered.  The private interests
include: (1) plaintiff's forum preference as manifested in the

3

original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." <u>Id.</u> (citations omitted).  The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." <u>Id.</u> (citations omitted).

## II.   TRANSFER

In viewing all the Jumara factors, the court finds that they weight in favor of transfer.  The alleged facts giving rise to the complaint occurred in Puerto Rico.  Plaintiff is a resident of Puerto Rico and has no connection to Delaware.  The District of Puerto Rico is a more convenient forum.  Documents, witnesses, and evidence are located in the district.  Hence, it will be more efficient and less expensive to litigate the dispute in Puerto Rico, rather than Delaware.  Finally, given the fact that the alleged wrong occurred in Puerto Rico, the District of Puerto Rico has a stronger interest in deciding the dispute.

It is evident from reading the complaint and T-Mobile's pending motion, that the events giving rise to the claims at bar occurred in Puerto Rico, where the T-Mobile store at issue is located, where plaintiff resides, and where T-Mobile conducts business as a limited liability company.  Consequently, for the convenience of the parties and in the interests of justice, venue is appropriate in the District of Puerto Rico, not the District of Delaware.

## **CONCLUSION**

For the above reasons, the court will deny without prejudice to renew Plaintiff's pending motions and will grant T-Mobile's motion to transfer.  (D.I. 4, 5, 10.)

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JOSE CARLOS VELEZ COLON      :   CIVIL ACTION
                             :
              v.             :   No. 11-CV-181
                             :
T-MOBILE PUERTO RICO LLC and :
DUETSCHE TELEKOM AG,         :

**ORDER**

 **AND NOW**, this 24th day of May, 2011, for the reasons set forth in the preceding Memorandum and Order, **IT IS HEREBY ORDERED** that:

 1.  The Clerk of Court shall cause a copy of this Order to be mailed to Plaintiff.

 2.  Plaintiff's motion requesting order appointing process server and motion requesting electronic notification are **DENIED without prejudice to renew**.  (D.I. 4, 5.)

 3.  Defendant T-Mobile Puerto Rico LLC's motion to dismiss, transfer or stay the proceeding is **GRANTED**.  (D.I. 9.)

 4.  The Clerk of Court is directed to **TRANSFER** this action the United States District Court for the District of Puerto Rico.


       BY THE COURT:


       s/J. Curtis Joyner
       J. CURTIS JOYNER,      J.